IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA    FILED '25 0401 AM05:48 MDGA-MC
MACON    DIVISION

QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

Rico LaMar Ballard
# 886719

_____

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff                                CIVIL ACTION NO: _____

WARDEN GEORGE VS. IVEY Individual and official capacity
Unit Manager Evonne Foye Individual and official capacity
Officer Daisy Morris, Individual and official capacity

(NAME OF EACH DEFENDANT)

Defendant(s)

## I. GENERAL INFORMATION

1. Your full name and prison number  Rico LaMar Ballard 886719

2. Name and location of prison where you are now confined  Hancock State Prison

3. Sentence you are now serving (how long?)  Life but I'm falsely imprisoned

   (a) What were you convicted of?  Murder, Felony Murder
   Aggravated Assault merged into Malice Murder

   (b) Name and location of court which imposed sentence
   Fulton County Superior Court

   (c) When was sentence imposed?  6-28-96

   (d) Did you appeal your sentence and/or conviction?  Yes ✓  No ☐

   (e) What was the result of your appeal?  Allegedly Denied

(f) Approximate date your sentence will be completed _ALREADY COMPLETE FALSELY IMPRISONED_

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

4. Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?

Yes ☐   No ☑

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

(a) Parties to the previous lawsuit INVOLVING SAME FACTS:

Plaintiff(s): _N/A_

Defendant(s): _____

(b) Name of Court: _____

(c) Docket Number: _____  When did you file this lawsuit? _____

(d) Name of judge assigned to case: _____

(e) Is this case still pending?   Yes ☐   No ☑

(f) If your answer to (e) is "No", when was it disposed of and what were the results?

(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

_N/A_

6. Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?   Yes ☑   No ☐

7. If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:

(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

(a) Parties to the previous lawsuit:

Plaintiff(s): _RICO LAMAR BALLARD_

Defendant(s): _JACQUELYN BARRETT & FULTON COUNTY JAIL, NORMAN GIBSON STAFF_

(b) Name of Court: _NORTHERN DISTRICT OF GEORGIA_

(c) Docket Number: _1:04-CV-3465_  When did you file this lawsuit? _I DON'T REMEMBER_

(d) Name of judge assigned to case: _RICHARD STORY_

(e) Is this case still pending?   Yes ☐   No ☑

CONTINUATION OF PREVIOUS LAWSUITS

(2) BALLARD-V-TERRIEL # 6:09-CV-00002
JUDGE B. AVANT EDENFIELD; JUDGE JAMES GRAHAM
FILED 1-22-09; DATE ENDED; 4-25-11; DISPOSITION: I
WON AGAINST ONE DEFENDANT BUT THEY ALLEGING I
DIDN'T

3) BALLARD-V-MORALES 5:21-CV-138 JUDGE MARC T.
TREADWELL; DATE FILED; 4-23-21 DATE ENDED; 10-1-21
DISPOSITION; DISMISSED WITHOUT PREJUDICE

4) BALLARD-V-HOLLAND 5:21-CV-139 JUDGE MARC T. TREADWELL
DATE FILED; 4-23-21 DATE ENDED; DON'T REMEMBER

5) BALLARD-V-MATTHEWS 5:21-CV-140 DATE FILED; 4-23-21

6) BALLARD-V-GAINES 5:21-CV-141 DATE FILED; 4-23-21

7) BALLARD-V-MORALES 5:21-CV-142; DATE FILED; 4-23-21
DATE ENDED; I DON'T REMEMBER; DISPOSITION; I DON'T
REMEMBER BUT I BELIEVE I WON MATTHEWS IN A
SETTLEMENT AGREEMENT; JUDGE MARC T. TREADWELL

8) GUMM-V-FORD 5:15-CV-41 DATE FILED; I DON'T
REMEMBER; DATE ENDED; I DON'T REMEMBER AND MY LEGAL
DOCUMENTS WERE STOLEN; DISPOSITION; SETTLEMENT

9) BALLARD-V-HOLLAND #1 22-10232-F NOTICE OF APPEAL
11TH CIRCUIT COURT OF APPEALS - FILE DATE; 1-21-22; 1-25-22
DATE ENDED; 3-31-22; DISPOSITION; DISMISSED

10) BALLARD-V-MORALES 21-13881-G NOTICE OF APPEAL
11TH CIRCUIT COURT OF APPEALS; DATE FILED; 11-1-21/
11-12-21/12-7-21/12-14-21 DATE ENDED; 9-26-22
AFFIRMED; PETITION FOR REHEARING 10-12-22 DENIED

(11) Ballard-v-Matthews 5:21-cv-140 Notice of Appeal 11th Circuit Court of Appeal #22-13730-H Don't Remember Decision

(12) Ballard-v-Woodard 4:22-cv-124 Filed: 6-16-22

(13) Ballard-v-Parish 4:22-cv-123 Filed: 6-16-22

(14) Ballard-v-Strawberry 4:22-cv-125 Filed: 6-16-22 Date Ended: 7-11-22 Disposition: Dismissed Without Prejudice with Right to Refile

(15) Ballard-v-Ivey 5:24-cv-00377 Filed Date Ended: 11-7-24

(16) Ballard-v-Ivey Notice of Appeal 11th Circuit Court of Appeal #24-13975-F Pending

(17) Ballard-v-Holland Appeal #23-10608-D 11th Circuit Court of Appeals Don't Remember Decision

(18) Ballard-v-Parish 1:24-cv-06020 Pending

(f)    If your answer to (e) is "No", when was it disposed of and what were the results? (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

SETTLEMENT AGREEMENT THROUGH ATTORNEY BWARE

8. AS TO UNDER LAWSUIT FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?    Yes ☑    No ☐

If your answer is Yes, state the name of the court and docket number as to each case:

BALLARD -V- MORALES
MIDDLE DISTRICT of GEORGIA
5:21-CV-138 ;; No. 21-13881 ; 2022 WL 4462253

### III. PLACE OF INCIDENT COMPLAINED ABOUT

9. Where did the matters you complain about in this lawsuit take place? HANCOCK STATE PRISON G-1, G-2 AND SICK CALL IN G-1

(a) Does this institution have a grievance procedure?    Yes ☑    No ☐

(b) If your answer to question 9(a) is "Yes", answer the following:

(1) Did you present your complaint(s) herein to the institution as a grievance?
Yes ☑    No ☐

(2) If Yes, what was the result? THE GRIEVANCE WAS DENIED THE WARDEN COLLABORATED WITH HES STAFFS AND DENIED THE TRUTH BUT ADMITS TO INTENTIONALLY PHAVING ME PLACED ON TIER 2

(3) If No, explain why not: YOU CAN NOT GRIEVE DISCIPLINARY ACTIONS OR DISCIPLINARY PROCEEDINGS

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials?  Give dates and places and the names of persons talked to.

I SPOKE WITH DEPUTY WARDEN STANFORD ON

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system?    Yes ☐    No ☑

(1) If Yes, to whom did you appeal and what was the result? _____

_____

(2) If No, explain why you did not appeal: COUNSELOR DENIED ME VA GRIEVANCE APPEAL FORM

10. In what other institutions have been confined?  Give dates of entry and exit.

GD.CP; PHILLIPS STATE PRISON; HAYS STATE PRISON; SMITH STATE PRISON; WARE STATE PRISON; VALDOSTA STATE PRISON; SPECIAL MANAGMENT UNIT; HANCOCK STATE PRISON; MACON STATE PRISON; I HAVE BEEN TO SOME OF THESE PRISONS SEVERAL TIMES AND I DON'T REMEMBER THE DATES

IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.

RICO LAMAR BALLARD 886719
HANCOCK STATE PRISON
P.O. BOX 339
SPARTA, GA 31087

12.  List the full name, the official position, and the place of employment of each defendant in this lawsuit.  (ATTACH ADDITIONAL PAGES IF NECESSARY)

WARDEN GEORGE IVEY - HANCOCK STATE PRISON
UNIT MANAGER EVONNE FOYE - HANCOCK STATE PRISON
OFFICER DAISY MORRIS - HANCOCK STATE PRISON

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court WHAT you contend happened to you, WHEN the incident(s) you complain about occurred, WHERE the incident(s) took place, HOW your constitutional rights were violated, and WHO violated them? Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE REQUIRES THAT PLEADINGS BE SIMPLE, CONCISE, and DIRECT! If the court needs additional information from you, you will be notified.

WHERE did the incident you are complaining about occur? That is, at what institution or institutions? HANCOCK STATE PRISON G-1. G-2; G-1 SICK CALL

WHEN do you allege this incident took place? 12-27-24 AND 12-16-24

WHAT happened? ON 12-16-24 I WAS MOVED FROM MY ASSIGNED CELL G-1-109 WITHOUT MY APPROVAL AS I REPEATEDLY ASKED WARDEN IVEY AND DEPUTY WARDEN MAHONEY NOT TO MOVE INTO THE CELL WITH THIS UNKNOWN LOUD AND DISRUPTIVE INMATE WHOM HAD PREVIOUSLY THREATEN MY LIFE...... BUT REGARDLESS OF MY PLEADS NOT TO BE PLACED INTO THE CELL WITH THIS UNKNOWN LOUD AND DISRUPTIVE INMATE I WAS FORCED TO MOVE INTO CELL G-1-111 AND DURING THE PROCESS OF MOVING MY PROPERTY SOME OF MY LEGAL DOCUMENTS WHERE STOLEN BY EITHER CERT TEAM SGT. SWINT OR SGT. DIXON ...... MORESO ... AFTER I'VE BEEN WITHIN THE CELL G-1-111 WHERE I WAS NEWLY ASSIGNED TO FOR ABOUT TWO OR THREE HOURS THE UNKNOWN INMATE BEGAN SMOKING A UNKNOWN SUBSTANCE AND WITHIN A MINUTE AFTERWARD HE BEGAN

STABBING HIMSELVE...I ATTEMPTED TO GET THE OFFICER ATTENTION...OFFICER DAISY MORRIS APPEARED AFTER SEVERAL UNSUCCESSFUL ATTEMPTS I GET HER ATTENTION...AT THAT TIME I ADVISED THAT THE UNKNOWN" INMATE WAS ~~RIGHT~~ WIGGING OUT AND STABBING HIMSELVE AND THAT THEY NEEDED TO GET HIM OUT THE CELL" ... IN THE COURSE OF ME ADVISING OFFICER ~~DAISY~~ DAISY MORRISL OF THIS ,,, SGT. REDD APPEARED AND USHERED THE OFFICERS AND EVERYONE FROM THE CELL.

FURTHER, SEVERAL OTHER INMATES IN THE DORMITORY SCREAMED ON THE DOOR FOR ATLEAST A HOUR " THAT ~~THE~~ THE DUDE IN CELL # III NEEDED HELP" BUT NOBODY CAME.

I DON'T KNOW THE EXACT TIME BUT ATLEAST A HOUR TIL A HOUR AND A HALF AFTER SGT. REDD HAD USHERED THE OFFICERS FROM THE CELL ...WARDEN IVEY AND SEVERAL OFFICERS CAME INTO THE DORM WHERE WARDEN IVEY WALKED UPSTAIRS AND OTHER INMATES BEGAN HOLLERING ON THE DOOR "THE INMATES IN CELL III ~~STILL~~ NEED HELP".

CERT TEAM SGT.,SWINT APPEARED AT THE CELL DOOR 30 MINUTES LATER AND ASKED "WHERE IS YOUR ROOMMATE?" I REPLIED "HE'S ON THE FLOOR BY THE DOOR BLEEDING,, HE STARTED STABBING HIMSELVE" CERT TEAM SGT. SWINT TOLD ME TO COME TO THE ~~door~~ WHICH I DID AND SHE HANDCUFFED ME AND OPENED THE DOOR THAN I STEPPED OVER THE UNKNOWN

inmate exiting the cell as they escorted me to the kiosk.

Warden Ivey, cert team Sgt. Swint and a few more officers gathered up the unknown inmate and rushed him to medical.

The newly assigned cell I was assigned to was searched and upon my return to the cell, I found that more of my legal documents and financial information had been stolen the only two individuals to search my cell was Warden Ivey and his investigator Lawrence along with an inmate who cleaned the cell for them.

On the evening of 12-17-24 "Sgt. Redd and another officer Rushed a disciplinary report under the cell door I was assigned to G-1-111 and upon reading the disciplinary report, I discovered that officer Daisy Morris fabricated the disciplinary report with an false allegation by stating that "on 12-17-24 she observed me standing over my roommate with my hand covered in blood saying get him out the room right now"

First of all things...Didn't no altercation, incident or stabbing occur on 12-17-24...the alleged incident with my unknown roommate stabbing himselve occurred on 12-16-24 But I was written up on false charges for assault

with serious injury on 12-17-24 at 7:41 am by officer Daisy Morris... the Disciplinary Report was allegedly served by Lt. Da'Marquez Crayton at 7:50 pm. However, Sgt. Redd pushed the D.R. under my cell door

On 12-27-24 the Disciplinary Report was investigated by O.I.D. Officer/Sgt. May Deborah who recommended the Disciplinary Report ~~that~~ be Dismissed based on the Factual Statement and findings that the incident occurred on 12-16-24

Later on within the day on 12-27-24 Unit Manager Evonne Foye appeared at my assigned Cell G-1-111 stating that she was the Disciplinary Hearing Officer... I advised Ms. Foye that the Disciplinary Report had to be Dismissed because
1) the Factual Statement doesn't support the charge and the Factual Statement didn't describe the injury or a injury nor how the injury occurred as required by SOP 209.01
2) the Disciplinary Report or the Factual Statement didn't state the exact ~~time~~ date, time or location (cell) as required by SOP 209.01
3) the Disciplinary Report or the Factual Statement didn't state any Physical evidence
4) the Disciplinary Report or the Factual Statement didn't include a description of the incident

(5) the DISCIPLINARY REPORT or the FACTUAL STATEMENT DIDN'T ~~INCLUDE~~ DESCRIBE HOW THE PERSON WAS ~~A~~ ASSAULTED OR ~~THE~~ WHAT THE INJURIES WERE (6) the DISCIPLINARY REPORT WAS NOT SERVED WITHIN 24 HOURS OF 12-16-24 AT EXACT TIME OF THE ALLEGED INCIDENT OCCURRED (7) the DISCIPLINARY REPORT CHARGING OFFICER LIED ABOUT THE DATE AND TIME OF ALLEGED OFFENSE AND (8) THAT MY UNKNOWN ROOMMATE HAD SMOKED SOMETHING AND BEGAN STABBING HIMSELVE AND "I WAS ONLY TRYING TO GET THE OFFICER TO HELP HIM"

THE DISCIPLINARY HEARING OFFICER MS. FOYE REPLIED "WELL, I'm GIVING YOU A APPEAL FORM, YOU CAN STATE ALL THE REASON(S) WHY THIS DR SHOULD BE DISMISSED ON APPEAL" ... I THEN STATED "I SHOULDN'T HAVE TO WRITE A APPEAL BECAUSE YOU ARE RIGHT HERE AND ACCORDING TO POLICY FOR D.R'S THIS DR HAS TO BE DISMISSED" ... SHE REPLIED "YOU WERE THE ONLY ONE IN THERE WITH HIM AND I'm FINDING YOU GUILTY"

I REPEATEDLY ASKED "MS. FOYE NOT TO FIND ME GUILTY AND GO READ THE S.O.P POLICY ABOUT DISCIPLINARY REPORT PROCEDURES" AND ~~UTTERED~~ SHE UTTERED "WRITE A APPEAL" THAN SHE PUT A DISCIPLINARY REPORT APPEAL FORM IN MY CELL DOOR WALKED AWAY.

THE DISCIPLINARY HEARING OFFICER MS. EVONNE FOYE DID NOT CONDUCT THE DISCIPLINARY HEARING IN ACCORDANCE WITH SOP 209.01 BECAUSE SOP 209.01 OFFENDER DISCIPLINE (B)(1) STATES;

(B)(1) UPON RECEIPT OF A DISCIPLINARY REPORT; CHECK THE REPORT FOR COMPLETENESS AND ACCURENCY ENSURING THAT THE FOLLOWING ARE INCLUDED ON THE REPORT

e) ANY PHYSICAL EVIDENCE AND ITS DISPOSITION

h) DATE/TIME OF OCCURRENCE

i) LOCATION OF INCIDENT

FURTHER, SOP 209.01 OFFENDER DISCIPLINE (3)(a) STATES "THE OFFENDER(S) CHARGED WITH A VIOLATION SHALL BE SERVED WITH A COPY OF THE DISCIPLINARY REPORT THAT WILL INCLUDE A FACTUAL STATEMENT OF THE CHARGES INCLUDING A DEISCRIPTION OF THE INCIDENT SPECIFIC RULES VIOLATED WITHIN 24 HOURS OF SAID VIOLATIONS.

THE DISCIPLINARY HEARING OFFICER MS. EVONNE FOYE DISREGARDED THE PROCEDURES INWHICH GOVERNS THE CONDUCT OF A DISCIPLINARY HEARING AND MALICIOUSLY FOUND ME GUILTY BASED ON HER FINDING AND PERSONAL OPINION THAT "I WAS THE ONLY PERSON IN THE CELL WITH THE UNKNOWN OFFENDER" AND FURTHER FOUND ME GUILTY ON A DISCIPLINARY REPORT THAT WASN'T WRITTEN IN ACCORDANCE WITH SOP 209.01 OR GOVERNED BY DUE PROCESS THAN SHE OVER SANCTIONED ME WITH A EXCESSIVE SANCTION

OF 180 DAYS STORE, RECREATION, TELEPHONE, PACKAGE
LIBRARY AND VISITATION RESTRICTIONS IN VIOLATION
OF SOP 209.01 DISCIPLINARY REPORT SANCTIONS WHICH
STATES "THE FOLLOWING IS A LIST OF ACCEPTABLE
SANCTIONS WHICH CAN BE USED FOR DISCIPLINARY
ACTION. THE DISCIPLINARY ACTION TAKEN SHOULD BE
THE MINIMUM FOR EACH SPECIFIC CASE TO ESTABLISH
AND MAINTAIN OBEDIENCE, ORDER AND GOOD CONDUCT.
ALL DISCIPLINARY ACTIONS SHOULD BE PROGRESSIVE IN
NATURE AND ONLY MINIMUM SANCTIONS OF ISOLATION
AND TPM EXTENSION (TRANSITIONAL CENTERS ONLY) SHALL
BE UTILIZED ON FIRST AND SECOND OFFENSES.
(A) GREATEST SEVERITY OFFENSE(S) (NO MORE THAN 90
DAYS EXCEPT WHERE INDICATED)
(6) PRISON RESTRICTIONS OF PRIVILEGES TO INCLUDE STORE,
LIBRARY, RECREATION, LIVING QUARTERS, GROUP ACTIVITIES,
PACKAGES AND TELEPHONE UP TO 90 DAYS.
B) HIGHEST SEVERITY OFFENSE(S) (NO MORE THAN 60
DAYS EXCEPT WHERE INDICATED)
(6) PRISON RESTRICTIONS ON PRIVILEGES FOR UP TO
60 DAYS
    THE PLAINTIFF DISCIPLINARY REPORT WAS A HIGH
SEVERITY OFFENSE AND THE PLAINTIFF SHOULD NOT
HAVE RECEIVED OR ~~SANCTIONED~~ BEEN SANCTIONED TO NO
MORE THAN 60 DAYS PRISON RESTRICTIONS ON THE
DISCIPLINARY REPORT, HOWEVER, THE PLAINTIFF WAS
EXCESSIVELY SANCTIONED WITH 180 DAYS OF EVERY

Prison restriction on a Disciplinary Report that should have been dismissed and moreso, for some acts I did not commit.

The guilty findings of this Disciplinary Report also served the purpose of destroying the plaintiff institutional record of remaining Disciplinary Report free and prohibiting the plaintiff from making parole upon his next parole date because of this wrongfully finding of guilty on this Disciplinary Report.

The finding of guilty on this Disciplinary Report moreso served the purpose of having the plaintiff placed on Administrative Segregation TIER II where I have no personal property and afforded no state issued items and must complete a 3 phase program enduring 24 hour confinement to cell because they don't run yard period and don't do cell clean out once a month, before I'm able to considered for general population again.

Unit Manager Evonne Foye was not an impartial decisionmaker guaranteed by the due process clause... she had a fixed opinion and had already formed her decision and/or found me guilty before she even appeared at my cell for the Disciplinary Hearing

OFFICER MS. DAISY MORRIS WRONGFULLY ENGINEERED THIS PUNISHMENT BY FABRICATING A DISCIPLINARY REPORT WITH SERIOUS CHARGES KNOWING THAT ITS FALSEHOOD WOULD LEAD TO THE PLAINTIFF BEING WRONGFULLY FOUND GUILTY AND GIVEN PRISON RESTRICTIONS ALONG WITH BEING ASSIGNED TO TIER II WHERE HE HAS TO COMPLETE A 3 PHASE 9 MONTHS to 12 MONTHS LOCKDOWN PROGRAM.

THROUGHOUT THE COURSE OF DAYS LEADING UP TO THIS THE PLAINTIFF DISCIPLINARY HEARING, WARDEN IVEY WOULD APPEAR FOR INSPECTION AND HAVE THE PLAINTIFF CELL SEARCHED THAN STATED "YOU GOING TO TIER II".

AFTERWARDS HE WOULD INSTRUCT ONE OF HIS OFFICERS TO MOVE ME TO G-2 BUT BEFORE ANY OF THIS OCCURRED, WARDEN IVEY WOULD HAVE EITHER SGT. REDD, SGT. DIXON O/2 CERT TEAM SGT. SWINT to SEARCH MY ASSIGNED CELL G-1-109 AT THE TIME AND UPON THEM SEARCHING THEY WOULD STEAL MY LEGAL DOCUMENTS AND FINANCIAL INFORMATION , EACH HAS STOLEN MY LEGAL DOCUMENTS AND FINANCIAL INFORMATION.

FURTHERMORE, DURING ONE SEARCH OF MY CELL, I OVERHEARD ONE OF THESE PRISON OFFICIALS STATE "IVEY SAID FIND THAT LAWSUIT HE FILED AGAINST HIM"

THESE CELL SEARCHES HAPPENED SEVERAL TIMES BEFORE
I WAS FORCED to MOVE INTO THE CELL WITH THE ~~UNKNOWN~~
UNKNOWN INMATE WHO BEGAN STABBING HIMSELF AND
I WAS WRONGFULLY BLAMED THAN WRITTEN UP FOR IT.
    ON 1-23-25, WARDEN IVEY INSTRUCTIONS FOR ME
to BE MOVED to G-2 TIER II WAS CARRIED OUT BY
CERT TEAM SGT. WALDEN AND CERT TEAM SGT. SWINT
WHO MOVED ME to G-2-142 WHERE I WAS ASSIGNED
to ~~TIER~~ TIER II PHASE 1.
    ON 1-24-25 I WAS ESCORTED to G-1 MEDICAL
SICK CALL ROOM ... I SEEN BY NURSE STONE/STORM
BUT UPON ARRIVING AT THE SICK CALL DOOR AND
ENTERING THE ROOM, WARDEN IVEY GREETED ME
AND BEGAN CURSING ME OUT AND DECLARING "YOU
STABBED THAT MAN UP" ... I REPLIED "I DIDN'T
STAB NOBODY" ...HE CONTINUED "YEAH, YOU WAS
STANDING OVER HIM WITH YOUR HANDCOVERED IN
BLOOD" ...I ASKED "WHERE YOU THERE? YOU SPREADING
PROPAGANDA, YOU LYING ON ME"
    WARDEN IVEY BEGAN YELLING "YEAH, YOU DID
IT, YOU'RE BAD A-- RICO BALLARD, SO YOU DID IT
AND" I'M TELLING YOU I'M TAKING IT PERSONAL,"
MATTER OF FACT I'M GOING to PUT HIM ~~&~~ OR
SOMEBODY ELSE IN THE CELL WITH YOU WHILE YOU'RE
HANDCUFFED AND LET THEM STAB YOU UP WHILE YOU
DON'T HAVE A KNIFE"

I THEN DECLARED "It doesn't matter what you do BECAUSE I'ma file that PAPERWORK on You and IF anything HAPPEN to me, the courts gone KNOW About It"

WARDEN IVEY STARED AT ME THAN SUMMONED CERT TEAM SGT. WALDEN INTO the SICK call ROOM AND INSTRUCTED "WHEN You take HIM BACK to the cell, make sure you take HIS PANTS AND ANY PERSONAL PROPERTY HE HAS, BALLARD You STAYING ON TIER II until You BEG ME to let You OFF, You GONE BEG ME"..

I SAT THERE QUIETLY AFTER HIS STATEMENT BECAUSE I DID NOT WANT to PROVOKE A PHYSICAL ALTERCATION BETWEEN myself, Him or the CERT TEAM SGT. WALDEN ... NONETHELESS "SUDDENLY WARDEN IVEY STATED "TAKE HIM BACK to HIS CELL" ... I WAS ESCORTED BACK to my NEWLY ASSIGNED ROOM G-2-142. WHERE CERT TEAM SGT. WALDEN CONFISCATED MY PANTS

WARDEN IVEY HAS CONTINUOUSLY HARRASSED AND RETALIATED AGAINST ME SINCE I FILED A 42 USC 1983 ON 12-3-24 ABOUT WHAT HAPPENED TO ME ON MAY 25TH THROUGH MAY 26TH 2024

WARDEN IVEY HAS ALSO RETALIATED AGAINST ME FOR THE FALSE ALLEGATIONS MADE AGAINST ME REGARDING MY UNKNOWN ROOMMATE BEING STABBED SEVERAL TIMES WHICH WAS A RESULT OF HIS OWN ACTIONS.

WARDEN IVEY HARRASSMENT AND RETALIATION HAS RESULTED IN MY LEGAL DOCUMENTS AND FINANCIAL INFORMATION BEING STOLEN; ME NOT RECEIVING CERTAIN LEGAL MAIL FROM THE MAIL OFFICER ALONG WITH ME BEING GIVEN EXCESSIVE PRISON RESTRICTIONS; PLACED ON TIER II PHASE 1 LOCKDOWN PROGRAM AND POSSIBLY A DENIAL OF PAROLE IN SEPTEMBER 2026; A DISCIPLINARY REPORT FREE INSTITUTIONAL RECORD OF ASSAULTS AMONGST OTHER THINGS AS WELL AS A THREAT TO MY LIFE.

ON 1-24-25 WARDEN IVEY THREATENED MY LIFE AT MEDICAL SICK CALL WHEN HE DECLARED "MATTER OF FACT, I'M GOING TO PUT HIM OR SOMEBODY ELSE IN THE CELL WITH YOU WHILE YOU'RE HANDCUFFED AND LET THEM STAB YOU UP WHILE YOU'RE ~~HAND~~ ~~HANDCUFFED~~ DON'T HAVE A KNIFE"...

"I THE PLAINTIFF RICO LAMAR BALLARD DECLARE UNDER THE PENALTY OF PERJURY THAT "I AM IN IMMINENT DANGER OF SERIOUS PHYSICAL HARM AND INJURY AT HANCOCK STATE PRISON AGAIN AND WARDEN IVEY HAS THREATENED MY LIFE"...

OFFICER DAISY MORRIS VIOLATED MY FIRST, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS BY WRONGFULLY ENGINEERING MY PUNISHMENT BY FABRICATING A SERIOUS CHARGE AGAINST ME KNOWING THAT THE FALSEHOOD WOULD LEAD TO MY IMMEDIATE REASSIGNMENT STATUS TO ADMINISTRATIVE

SEGREGATION PENDING DISCIPLINARY HEARING WITHOUT AN INTERVENING HEARING.

FURTHER, OFFICER DAISY MORRIS violated my FIRST, EIGHTH AND FOURTEENTH Amendment DUE PROCESS rights BY making FALSE ALLEGATIONS that led to the FINDING OF guilty By SOMEONE NOT AN IMPARTIAL DECISIONMAKER (HEARING OFFICER) which resulted In ME GETTING AN EXCESSIVE UNWARRANTEED and UNAUTHORIZED SANCTIONS OF PHONE, VISITATION, PACKAGE STORE, LIBRARY, RECREATIONS along with PERMANENT lockdown on ADMINISTRATIVE SEGREGATION TIER II PROGRAM and DEPRIVED OF MY CONSTITUTIONAL Rights

UNIT MANAGER MS. EVONNE FOYE the DISCIPLINARY HEARING OFFICER violated My FIRST, EIGHTH AND FOURTEENTH Amendment DUE PROCESS RIGHTS By FAILING to AFFORD ME PROCEDURE DUE PROCESS AT the DISCIPLINARY HEARING WHEN SHE FOUND ME GUILTY ON A CHARGE WHERE ①the FACTUAL STATEMENT did NOT SUPPORT the CHARGE; (2) DID NOT DESCRIBE AN ASSAULT; (3) DID NOT DESCRIBE AN INJURY; (4) DID NOT STATE ANY PHYSICAL EVIDENCE; (5) DID NOT STATE the EXACT DATE, TIME OR LOCATION; (6) DID NOT INCLUDE A DESCRIPTION OF the INCIDENT; (7) DID NOT DESCRIBE HOW the PERSON WAS INJURED OR ASSAULTED; (8) DID NOT HAVE THE CORRECT DATE OR TIME

AND SHE BASED HER FINDING SOLELY ON THE FACT THAT I WAS THE ONLY PERSON IN THE CELL WITH HIM AND FURTHER SHE VIOLATED MY FIRST, EIGHTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHTS BY FINDING ME GUILTY AND NOT BEING AN IMPARTIAL DECISIONMAKER (HEARING OFFICER) WHICH RESULTED IN HER EXCESSIVE UNWARRANTED AND UNAUTHORIZED SENTENCING TO AN EXCESSIVE SANCTION OF 180 DAYS PHONE VISITATION, PACKAGE, STORE, RECREATION AND LIBRARY RESTRICTIONS AND LEAD TO ME BEING PLACED/ASSIGNED TO PERMANENT LOCKDOWN OR ADMINISTRATIVE SEGREGATION TIER II PROGRAM

WARDEN GEORGE IVEY VIOLATED MY FIRST EIGHTH AND FOURTEENTH AMENDMENT RIGHTS BY REPEATEDLY HARASSING, RETALIATING AGAINST AND THREATENING MY LIFE WHICH HAS RESULTED IN THE DEPRIVATIONS OF MY RIGHTS. EXCESSIVE UNAUTHORIZED SANCTIONS OF PRISON RESTRICTIONS; STOLEN LEGAL DOCUMENTS. STOLEN FINANCIAL INFORMATION. REFUSAL LEGAL/WITHHOLDING LEGAL MAIL. ASSIGNMENT TO TIER II

FURTHER, RESULTED IN FEAR AND TERROR INDUCED WITHIN MY LIFE AS A RESULT OF THE THREAT TO MY LIFE BY WARDEN IVEY

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)



15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

(1) THAT I AM AWARDED $250,000.00 TWO HUNDRED AND FIFTY THOUSAND DOLLARS IN DAMAGES FROM EACH DEFENDANT

(2) THAT THE DISCIPLINARY REPORT IS EXPUNGED.

(3) THAT BOTH WARDEN GEORGE IVEY AND UNIT MANAGER EVONNE FOYE EMPLOYMENT AT HANCOCK STATE PRISON IS TERMINATED

(4) THAT I AM IMMEDIATELY TRANSFERRED

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 25th day of MARCH, 20 25

Rico L Ball

PLAINTIFF    886719

# CERTIFICATE OF SERVICE

I do HEREBY certify that I HAVE this DAY DEPOSITED a ACCURATE COPY OF the FOREGOING 42 USC 1983 IN the US MAIL WITH AFFIXED POSTAGE ADDRESSED and SERVED ON the OPPOSITE PARTIES THROUGH this HONORABLE COURT AT;

(1) OFFICE OF the CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
P.O. BOX 128
MACON, GA 31202

(2) WARDEN GEORGE IVEY
UNIT MANAGER EVONNE FOYE
OFFICER DAISY MORRIS
HANCOCK STATE PRISON
P.O. BOX 339
SPARTA, GA 31087

this the 25TH DAY OF MARCH 2025

Rico La Ball 886719
RICO L. BALLARD 886719
HANCOCK STATE PRISON
P.O. BOX 339
SPARTA, GA 31087

CL'ERK OF tHE CLERK

_____

DATE: _____

Rico L Ball 886719
RICO L. BALLARD 886719

## CERTIFICATE OF SERVICE

I do HEREBY CERTIFY that I HAVE tHis DAY
DEPOSITED A ACCURATE COPY of tHE FOREGOING
42 USC 1983 SUMMONS IN tHE US MAIL WITH AFFIXED
POSTAGE ADDRESSED AND SERVED ON tHE OPPOSITE
PARTIES tHROUGH tHIS HONORABLE COURT AT:
1) OFFICE OF tHE CLERK
UNITED STATES DISTRICT OF GEORGIA
    P.O. BOX 128
MACON, GA 31202
2) WARDEN GEORGE IVEY
UNIT MANAGER EVONNE FOYE
OFFICER DAISY MORRIS
HANCOCK STATE PRISON
P.O. BOX 339
SPARTA, GA 31087
tHIS tHE 25th DAY OF MARCH 2025

Rico L Ball 886719
RICO L. BALLARD 886719
HANCOCK STATE PRISON
P.O. BOX 339