# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RICO LAMAR BALLARD,<br><br>*Plaintiff,*<br><br>v.<br><br>Warden IVEY, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:25-cv-00130-TES-CHW |

### ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION OF DISMISSAL

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 4] to dismiss Plaintiff's Complaint [Doc. 1] due to his three-strikes status. Plaintiff filed an Objection [Doc. 12] in response to the Recommendation. Plaintiff filed a Motion to Amend Objection to Report and Recommendations ("Amendment") [Doc. 13] that was granted by Order of this Court on June 12, 2025 [Doc. 14]. In light of Plaintiff's Objection and Amendment, the Court undertakes a *de novo* review of the portions of the Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b)(1)(C).

Upon review, each of the contentions in Plaintiff's Objection and Amendment are without merit. [Doc. 12]; [Doc. 13]. Plaintiff's objections boil down to two main complaints, namely that (1) three of Plaintiff's prior dismissals were dismissed without prejudice as "abuse of judicial process" and should not be counted as strikes against the

Plaintiff for purposes of 28 U.S.C. § 1915(g), and (2) that Defendant Ivey repeatedly retaliated against Plaintiff through threats and various other forms of harassment. [Doc. 12]; [Doc. 13].[1]

Plaintiff first argues that the Court may not conclude that "an action or appeal was dismissed on the grounds that it is frivolous, malicious or fails to state a claim unless the dismissing court made some express statement to that effect." [Doc. 13, p. 2]. Plaintiff continues by arguing that because the three strikes the Magistrate Judge identified were based on an abuse of judicial process, the Court may not now classify these cases as having been dismissed as frivolous, malicious or for failing to state a claim. [Doc. 13, p. 3].

The law is flatly against Plaintiff. As the magistrate judge correctly identified, a dismissal for abuse of judicial process "is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). [Doc. 4, p. 2]. To that end, the Eleventh Circuit has specifically "determined that a dismissal based on a [prisoner's] abuse of the judicial process may be properly

---

[1] The magistrate judge conducted a review of the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database and determined that Plaintiff has filed approximately thirteen federal lawsuits while incarcerated and at least three of his § 1983 complaints were dismissed prior to service of process pursuant to 28 U.S.C. § 1915A. These cases are as follows: *Ballard v. Parish*, 4:22-cv-00123 (N.D. Ga. July 11, 2022) (dismissed as abuse of judicial process), *Ballard v. Woodard*, 4:22-cv-00124 (N.D. Ga. July 11, 2022) (dismissed as abuse of judicial process), and *Ballard v. Morales*, 5:21-cv-00138 (M.D. Ga Oct. 1, 2021) *aff'd*, No. 21-13881, 2022 WL 4462253 (11th Cir. Sept. 26, 2022) (dismissed for failure to state a claim).

considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious[.]" *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (quoting *Rivera*, 144 F.3d at 731). Plaintiff's assertion that courts must explicitly describe a dismissal with the exact language of being "frivolous," "malicious," or as "failure to state a claim" simply isn't required under our binding precedent.

As such, Plaintiff is barred from prosecuting this action *in forma pauperis* unless he can demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's Objection outlines various allegations of threats and harassment from Defendant Ivey, including that Defendant Ivey repeatedly retaliated against him through threats and harassment. [Doc. 12, p. 5]. Plaintiff alleges that the defendants subjected him to unnecessary cell searches, took his legal materials and financial records, placed him in Tier II segregation, and fabricated a disciplinary report falsely accusing him of stabbing his cellmate, among other grievances. [Doc. 12, p. 5].

Plaintiff also asserts in his Objection that he could not possibly show an imminent danger of serious physical injury because he was bound to exhaust all administrative remedies under the Prison Litigation Reform Act ("PLRA"). [Doc. 12, pp. 13–14]. Plaintiff asserts that filing a grievance under the PLRA is, at a minimum, a 45 day wait before he could file suit under 42 U.S.C. § 1983. [Doc. 12, p. 14].

What Plaintiff fails to demonstrate, however, is any imminent danger of serious physical injury. As astutely pointed out by the magistrate judge, Plaintiff proffers no

allegation of physical abuse. [Doc. 4, p. 4]. Even assuming Plaintiff had to wait at least 45 days for the grievance process, Plaintiff has furthermore failed to allege any recent acts of physical violence or intimidation in his Objection or Amendment—both of which were filed almost five months after the January 24, 2025, incident where Defendant Ivey allegedly threatened Plaintiff's life. If Plaintiff actually feared any danger of serious physical injury at the hands of Defendant Ivey, he cannot possibly argue that such a threat is imminent almost five months after receiving the alleged threat. As observed by the magistrate judge, "a single threat uttered months before a complaint is filed certainly does not show 'a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" [*Id.* p. 5 (*Sutton v. Dist. Att'y Off.*, 33 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted))]. Plaintiff has not met his burden of proving that he is at risk of imminent serious physical injury.

Because Plaintiff has three strikes under the PLRA and has not alleged that he is in imminent danger of serious physical injury, he may not proceed *in forma pauperis*. Accordingly, the Court **ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 4] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 25th day of June, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4